MAY 21 2021 PM4:24
FILED - USDC - BPT - CT

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

Dayshawn Rodriguez,
           Plaintiff,
v.                                              Case No. _____
                                                (To be supplied by the Court)
Starbucks Corporation, Shirley Hall, Jillian Sa,
           Defendant(s).

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

1. Plaintiff resides at the following location: 190 #2 Scofield Ave, Bridgeport, CT 06605

2. Defendant(s) reside(s) at the following location [Attach additional sheets if more space is required]: Starbucks Corporation 2401 Utah Avenue South, Seattle, WA 98134

   Starbucks 1 Parker Harding Plaza, Westport, CT 06880.

3. This action is brought pursuant to [Check all spaces that apply to the type of claim(s) you wish to assert against the Defendant(s)]:

   [X] Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq., for employment discrimination on the basis of race, color, religion, sex, or national origin. Jurisdiction is specifically conferred on this Court by 42 U.S.C. § 2000e-5(f). Equitable and other relief is sought under 42 U.S.C. § 2000e-5(g) and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

   [ ] Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, et seq., for employment discrimination based upon age. Jurisdiction is alleged pursuant to 28 U.S.C. §§ 1331, 1337, and/or 1343. Equitable and other relief is sought under 29 U.S.C. §§ 626(b) and (c) or §§ 633a(b) and (c).

   My Year of Birth is: _____.

☐ Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, et seq., for employment discrimination on the basis of a disability against an employer which constitutes a program or activity receiving Federal financial assistance. Jurisdiction is asserted under 28 U.S.C. §§ 1331, 1337 and/or 1343. Equitable and other relief is sought under 29 U.S.C. § 794a.

☒ Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, et seq., for employment discrimination on the basis of a disability against a private employer. Jurisdiction is specifically conferred on this Court by 42 U.S.C.§ 2000e-5(f). See 42 U.S.C. § 12117(a). Equitable and other relief is sought pursuant to 42 U.S.C. § 2000e-5(g). Id.

4. The acts complained of in this suit concern [Check all spaces that are applicable to your claim(s)]:

    (A) ☐ Failure to hire me. I was refused a job on the following date(s): ____

_____.

    (B) ☐ Termination of my employment. I was terminated from my employment on the following date: _____.

    (C) ☐ Failure to promote me. I was refused a promotion on the following date(s): _____.

    (D) ☒ Other acts as specified below: See attached.

_____

_____

_____

_____

5.  The conduct of the Defendant(s) was discriminatory because it was based upon: race [X], color [X], religion [ ], sex [X], age [ ], national origin [X] or disability [ ]. [Please check all applicable bases for your claim of discrimination and explain further, if necessary]: _____

_____

6.  The facts surrounding my claim of employment discrimination are as follows [Attach additional sheets, if necessary]:

Please see attached sheet.

_____

_____

_____

_____

_____

_____

_____

7.  The approximate number of persons who are employed by the Defendant employer I am suing is: 3 .

8.  The alleged discrimination occurred on or about the following date(s) or time period: 10-07-2019 to 06-01-2020 .

9. I filed charges with the:

   ☒ Equal Employment Opportunity Commission

   ☐ Connecticut Commission on Human Rights and Opportunities

10. The Equal Employment Opportunity Commission issued a Notice of Right to Sue letter **(copy attached)**, which I received on or about the following date: 02/24/2021 .

[**NOTE:** If you filed charges with the EEOC or the CHRO, you **MUST** attach a copy of the Notice of Right to Sue letter for this Court to consider your claim(s). Failure to do so may result in delaying consideration of your claim(s).]

11. The EEOC or the CHRO determined that there was no probable cause to believe that discrimination occurred. My reasons for questioning that determination are as follows [Attach additional sheets, if necessary]: The EEOC makes no determination. I am not aware of the Defendant's response.

12. If relief is not granted, I will be irreparably denied rights secured under the law(s) referred to in Item Number 3, above.

13. WHEREFORE, Plaintiff(s) pray(s) that: The Court grant such relief as may be deemed appropriate, including [**NOTE:** While all of the forms of relief listed below may not be available in a particular action, you should place a check next to each form of relief you seek.):

   ☐ Injunctive orders (specify the type of injunctive relief sought): _____ ;

   ☐ Backpay;

☐ Reinstatement to my former position;

☒ Monetary damages (specify the type(s) of monetary damages sought): __

Statutory damages and wages                                                                 ;

☒ Other (specify the nature of any additional relief sought, not otherwise provided for on this form): damages for emotional distress and embarssment

                                                                                            ;

AND costs and attorneys' fees.

## JURY DEMAND

I hereby    DO ☒    DO NOT ☐ demand a trial by jury.

_____     _____
Original signature of attorney (if any)     **Plaintiff's Original Signature**

| Dayshawn Rodriguez |                    |
Printed Name and address              Printed Name and address
190 Scofield ave

Bridgeport CT 06605

( )                                  (718) 825.7135
Attorney's telephone                 Plaintiff's telephone


_____     _____
Email address if available           Email address if available

Dated: May 21, 2021

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at __Bridgeport__ on __May 21, 2021__.
            (location)           (date)

_____
Plaintiff's Original Signature

(Rev. 3/23/16)

Dayshawn Rodriguez
EEOC No.:523-2020-01760

I am a Black African American Homosexual male with a permanent disability, which Starbucks is aware of. I've worked for the Starbucks Corporation for about five years or so. On or about October 7, 2019, A customer (Robin Geller) came into the Starbucks location where I worked right before closing. I was closing the store with a black barista. Robin went into the bathroom and was there for quite some time after closing. I knocked on the door to see if she was alright and she came out, poked my chest and said, "Don't rush me nigger". I told my manager at the time (Shirley Hall) who said she would inform my district manager (Jillian Sacco). They did nothing to stop or address the conduct.

On or about October 12, 2019, I decided to tell my district manager Jillian Sacco that I don't want to serve Robin Geller anymore because I was very uncomfortable after being called the "N" word and nobody addressed it. Jillian said I can't do that; I have to serve her because she's a customer.

On or about October 22, 2019, the district manager Jillian said that I may be too sensitive to be a shift supervisor and said the N word is not the worst thing to be called. I felt that her comment "sensitive" was due to me being homosexual with a disability that is mistakenly but commonly associated with being homosexual. I later demoted myself to Barista.

On or about November 30, 2019, the same customer Robin Geller was at my store location and threw water on herself, pointed at me, and said "that black man did it". I advised my manager and they told me to file an incident report, which I did.

On or about December 3, 2019, the district manager Jillian Sacco told me to "watch how I write things in the report, that I can't say the "N word or curse words in the incident report". She also advised that she is not able to ban the customer Jillian Geller.

In June of 2020, the customer Robin Geller was at my store location and loudly said "I am not going to be served by this nigger" referring to me. I reported all of these incidents to upper management and they did nothing to protect me. Instead of stopping the discriminatory conduct, they supported it.